# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JENNIFER BAHCIVAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:19-cv-00026 |
| | § | |
| CAPITAL ONE BANK (USA), N.A., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

NOW COMES Plaintiff, JENNIFER BAHCIVAN ("Plaintiff"), by her attorneys, and hereby alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

### Nature of the Action

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*, the Texas Financial Code, Tex. Fin. Code § 392.001 *et seq*., and invasion of privacy.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under The Texas Financial Code and invasion of privacy.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

## Parties

5. Plaintiff is a natural person residing in Tyler, Texas located in Smith County.

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 392.001(1).

7. Defendant is a business entity with headquarters located in McLean, Virginia.

8. Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

10. Defendant has been placing calls to telephone number (903) 707-43XX.

11. Telephone number (903) 707-43XX is been assigned a cellular telephone.

12. Plaintiff's cellular telephone number is (903) 707-43XX.

13. These telephone calls are not for emergency purposes.

14. These telephone calls were in connection with an alleged credit card debt.

15. The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

16. Some of Defendant's calls used automated recordings.

17. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, and based on Defendant's representations to Plaintiff, Defendant used an automatic telephone dialing system or artificial or prerecorded voice to call Plaintiff's cell phone.

18. On or about August 13, 2018, Plaintiff spoke with one of Defendant's employees.

19. Defendant stated that Plaintiff had two MasterCard accounts and Plaintiff instructed Defendant that she was calling about both accounts, that she had been getting automated calls, and for Defendant to stop calling her cell phone about both accounts.

20. Plaintiff confirmed for Defendant that (903) 707-43XX is her cell phone number.

21. Defendant informed Plaintiff that it noted the records.

22. Defendant continued to call Plaintiff's cell phone after August 13, 2018 regarding the two accounts.

23. After August 14, 2018, Plaintiff estimates that Defendant called her cell phone at least 138 times.

24. These calls were placed twice and three times per day, often around the same time of day.

25. These calls were placed using an automatic telephone dialing system and/or an automated voice.

26. Defendant did not have Plaintiff's express consent to place these calls.

27. Defendant knew that it did not have Plaintiff's express consent to place these calls.

28. Defendant voluntarily, knowingly, and/or willfully placed these calls.

29. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unauthorized phone calls.

30. As a result of Defendant's unauthorized phone calls, Plaintiff suffered emotional distress including anxiety, stress, frustration, shame, lack of sleep, lack of concentration, and fear of answering her telephone.

COUNT I
Telephone Consumer Protections Act

31. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the

Factual Allegations set forth above with the same force and effect as if the same were set forth at length herein.

32. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

## COUNT II
## Texas Financial Code

34. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the Factual Allegations set forth above with the same force and effect as if the same were set forth at length herein.

35. The Texas Financial Code states:

> In debt collection, a debt collector may not oppress, harass, or abuse a person by:
> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code § 392.302

The Texas Financial Code also states:

> A person may sue for:
> (1) injunctive relief to prevent or restrain a violation of this chapter; and
> (2) actual damages sustained as a result of a violation of this chapter.

Tex. Fin. Code § 392.403

36. Defendant attempted to collect a debt from Plaintiff by causing Plaintiff's telephone

to ring repeatedly, and made repetitive and continuous phone calls to Plaintiff.

37. It was unfair for Defendant to relentlessly call Plaintiff using an ATDS after Plaintiff instructed Defendant to stop calling her.

38. Plaintiff has suffered actual damages as a result of Defendant's unlawful conduct.

## COUNT III
### Invasion of Privacy (Intrusion Upon Seclusion)

39. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the Factual Allegations set forth above with the same force and effect as if the same were set forth at length herein.

40. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

41. Defendant interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff cell phone without authorization after she instructed it to stop.

42. Defendant's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

43. Plaintiff has suffered actual damages as a direct and proximate result of Defendant's intrusion.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

44. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

45. Statutory damages of $1500.00 for each and every knowing and/or willful violation

of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

46. Actual and punitive damages, in an amount greater than $50,000 to be determined at trial, for the underlying violations of the Texas Financial Code and/or invasion of privacy;

47. All court costs and attorney fees,

48. Any other relief that Plaintiff is entitled and/or this Honorable Court deems appropriate.

                                               Respectfully submitted,

Dated: January 25, 2019                   /s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff